A. HACKLEY, for the defendant, moved for judgment as in case of nonsuit.

*\*D. Russell,* contra, objected that a new trial had been once granted on the part of the plaintiff; and that he had not had notice of the rule. That fact should be shown before this motion can be made. (*Jackson* v. *Wilson,* 9 John. 265.)

*Hackley* said that was the case of a motion for a new trial made by the defendant.

*Curia.* It does not apply for that reason. A party who obtains a rule must take notice of it. There is no propriety in his waiting for a notice from the adverse party.

Motion granted.

Where a new trial is granted on the plaintiff's motion, he must take no- [\*420] tice of it, and proceed to trial without notice from the defendant. If he do not, he may be nonsuited. A party obtaining a rule, has no right to wait for notice of it from the adverse party.

---

JACKSON, *ex dem.* DEWEY, *against* M'KINNEY.

THIS cause being noticed for trial, the defendant obtained an order to stay proceedings, with a view to move that all proceedings stay, on the part of the plaintiff, till security for costs in a former cause should be filed. That motion was now made.

*D. Russell,* for the motion

*R. Weston,* contra.

Where an order to stay a trial is obtained, with a view to a motion, which is denied with costs, the costs of the opposite party in preparing for trial will be allowed, up to the time of the order to stay being ser--

The Court, having denied it with costs, ordered not only the costs of the motion, but also the plaintiff's costs of pre-

UTICA,
August, 1827.

Sabin
v.
Johnson.

paring for trial up to the time of the service of the order to stay, to be paid by the defendant.(a)

Rule accordingly.

[*421]    *SABIN and KELLOGG *against* JOHNSON and MANN.

Where a rule is granted on condition, it must be performed *instanter*, i. e. within 24 hours.

*E. g.* a rule setting aside a default for not pleading, the defendant paying costs.

ON the 15th of May, 1826, at New-York, the defendants moved for, and took a rule setting aside a verdict against them, with all subsequent proceedings, they paying the costs of the trial and of opposing the motion; the judgment to stand as security. June 12th, a copy of this rule was served on the attorney for the plaintiff. On the 13th, the costs were taxed under the rule at $36 46. This was at Onondaga, where the attorney for the plaintiffs and the agent of the defendants' attorney resided. The costs were immediately, on taxation, demanded of the latter, who refused to pay them; not being in funds from his client. But he wrote by the next day's mail to Troy, where the attorney for the defendants resided; procured the money, and tendered it to the attorney for the plaintiffs, on the morning of the 22nd of June, without any additional costs after the taxation. The attorney for the plaintiffs declined receiving the money, on the ground that it was not paid *instanter*. The matter lay in this situation till the 3d of August, 1827, when the defendants learned that the plaintiff's attorney had issued execution.

A motion was now made, in behalf of the defendants, to set it aside as irregular.

*J. P. Cushman*, for the motion.

*D. W. Forman*, contra, cited 1 Dunl. Pr. 353; 2 Cowen, 598 & 599, and 600, note;(b) Tid. Pr. 508, note;(y) Imp. K. B. Pr. 252.

(a) Vid. 1 Cowen, 47; 4 id, 269.